CHRIS V. CAROLINO
5744 Laurel Canyon Boulevard #28
North Hollywood CA 91607
(818)763-9601

In Pro Se

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

CHRIS V. CAROLINO

Plaintiff,

vs.

CHASE HOME FINANCE, LLC,
JPMORGAN CHASE BANK, N.A., NDEX
WEST, LLC, ALLIANCE TITLE
COMPANY, NORTH AMERICAN TITLE
COMPANY AND DOES 1 THROUGH 10,
INCLUSIVE

Defendant

**CV 09** Case No.: **01403** PSG

COMPLAINT FOR:

(1) TEMPORARY RESTRAINING
    ORDER AND PRELIMINARY AND
    PERMANENT INJUNCTIVE
    RELIEF
(2) VIOLATION OF TRUTH IN
    LENDING ACT OF RESPA (15
    U.S.C. § 1601)
(3) VIOLATION OF RESPA (12 U.S.C
    §. 2605)
(4) VIOLATION OF CALIFORNIA
    ROSENTHAL ACT
(5) QUIET TITLE
(6) WRONGFUL FORECLOSURE
(7) ORDER TO SET ASIDE
    TRUSTEE'S SALE
(8) CANCELLATION OF TRUSTEE'S
    DEED
(9) SLANDER OF TITLE
(10) CIVIL CONSPIRACY
(11) UNFAIR BUSINESS PRACTICES
    (CAL. B&P CODE §.17200)
(12) VIOLATION OF RICO (18 U.S.C
    §§ 19610
(13) FRAUD
(14) CONSTRUCTIVE TRUST

DEMAND FOR JURY TRIAL

PLAINTIFF Chris V. Carolino (hereinafter "Plaintiff" or "Mr. Carolino".), by and through his own accord, for his Complaint against Defendants CHASE HOME FINANCE, LLC (hereinafter "Chase"), JPMORGAN CHASE BANK, N.A (hereinafter "JPMorgan"), NDEX WEST, LLC (hereinafter "NDEX"), ALLIANCE TITLE COMPANY (hereinafter "Alliance", NORTH AMERICAN TITLE COMPANY (hereinafter "NATC") (collectively hereinafter "Defendants"), pleads as follows:

**JURISDICTION AND VENUE**

1.    Plaintiff's claims against Defendants include violations of federal statutes commonly known as RESPA, TILA, AND RICO, with additional claims under California state law.  These claims all arise out of the same controversy and sequence of events.

2.    The real property which is the subject of this complaint is located within the County of Riverside.

3.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1367, 18 U.S.C. Section 1964 (c), and 15 U.S.C § 1640 (e).

4.    Venue is proper in the Central District of California under 28 U.S.C. § 1391 (b).

**THE PARTIES**

5.    Plaintiff, and at all times mentioned herein was, an individual residing in the State of California, County of Riverside.  He resides at the real property that is the subject of this Complaint, the location of which is commonly known as 11057 Rosburg Road, Beaumont, California 92223 (hereinafter "the Property").

6.    Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint, Defendant JPMORGAN CHASE BANK, N.A was and is an entity of unknown form doing business in the state of California, and in the business of purchasing and otherwise taking

assignment of consumer credit transactions described in the Federal Truth in Lending Act ("TILA"), 15 U.S.C. §§1601, et seq., originated by others.

7.  Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint Defendant CHASE HOME FINANCE, LLC, an unknown business entity (hereinafter "CHASE") was and is a company doing business in the state of California and was and is in the business of being a "servicer" of "federally related mortgage loans" as those terms are defined in the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C §§ 2602 (1) and 2605 (i)(2).  Plaintiff is further informed and believes and thereon alleges that CHASE was and is in the business of the collection of consumer debts, either on behalf of itself or others, and it is therefore under the authority of the California Rosenthal Act ("Rosenthal Act"), Cal. Civil Code § 1788 et seq.

8.  Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint Defendant NDEX WEST, LLC, an unknown business entity (hereinafter "NDEX") were and are entities of unknown form doing business in the state of California, and were and are in the business of providing "settlement services" with respect to "federally related mortgage loans" as those terms are defined in RESPA, 12 U.S.C. §§ 2602(1) and 2602(3).  On information and belief, Plaintiff further alleges that NDEX provides other real estate services that may be regulated by RESPA, TILA, the Rosenthal Act, or other state and/or federal statutes, the specific extent and nature of which are unknown at this time, but which are subject to discovery and with respect to which the specifics will be alleged by amendment to the Complaint when ascertained.

9.  Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint Defendants ALLIANCE TITLE COMPANY (hereinafter "Alliance") and NORTH AMERICAN TITLE COMPANY (hereinafter "NATC") were and are entities of unknown form doing

business in the state of California, and were and are in the business of providing "settlement services" with respect to "federally related mortgage loans" as those terms are defined in RESPA, 12 U.S.C. §§ 2602(1) and 2602(3). On information and belief, Plaintiff further alleges that ALLIANCE TITLE COMPANY (hereinafter "Alliance") and NORTH AMERICAN TITLE COMPANY (hereinafter "NATC") provides other real estate services that may be regulated by RESPA, TILA, the Rosenthal Act, or other state and/or federal statutes, the specific extent and nature of which are unknown at this time, but which are subject to discovery and with respect to which the specifics will be alleged by amendment to the Complaint when ascertained.

10. Plaintiff is ignorant of the true names and capacities of the defendants sued herein under the fictitious names Does 1 through 10, inclusive, and Plaintiff will amend this Complaint to allege such names and capacities as soon as they are ascertained. Plaintiff is informed and believes and thereon alleges that each of said fictitiously named defendants is responsible in some manner for the acts of complained of herein.

11. Plaintiff is informed and believes and thereon alleges that Defendants and each of them at all times herein relevant were, and still are, agents for one another, and acting under the course and scope thereof, with knowledge and consent of each other.

## REQUEST FOR INJUNCTIVE RELIEF

12. Immediate injunctive relief is warranted in this action because Plaintiff is about to be evicted from his home by the Riverside Sheriff's Department at any time. Defendant NDEX WEST, LLC prevailed at a wrongfully foreclosure sale proceeding as to the Property, and as a result, a writ of possession may be issued against the Plaintiff and his tenants. Plaintiff expects the five-day "lock-out" notice to be posted at any time. However,

Plaintiff contends that the foreclosure sale itself should be set aside, for the reasons set forth in the instant Complaint. If injunctive relief is not immediately granted Plaintiff and his tenants may be evicted from his home before the Court has the opportunity to adjudicate the issues raised herein, and he would thus be deprived of any adequate remedy for the wrongs committed by Defendants.

13. Moreover, if Plaintiff were forced to move from his home, it would subject him to the irreparable harm of public humiliation and loss of reputation in the community in which he lives and works. If the eviction proceeds, Plaintiff does not know where he and his tenants would live and could be out on the street. Given the fact that at every stage of these events, from the loan origination to the foreclosure sale, Defendants have misled Mr. Carolino and acted to his detriment, and given the fact that Mr. Carolino contends that NDEX WEST, LLC had no right to foreclose on the Property, and thus that any action brought by NDEX WEST, LLC was essentially a fraud upon the court, this additional irreparable harm would represent the very definition of "adding insult to injury".

14. The Property is unique. Therefore, should the requested injunctive relief not be granted, Plaintiff will suffer irreparable injury for which there is no adequate remedy in law when he is forcibly evicted from his home and NDEX WEST, LLC proceeds to sell the Property to a third party, who may then be a bona fide purchaser for value, causing the Property to be lost to Plaintiff forever.

## FACTUAL BACKGROUND

15. This case arises out of a loan and foreclosure related to the Property, of which Plaintiff is the rightful owner.

16.     On or about April 21, 2007, Plaintiff purchased the Property, and became the owner of legal title to the Property, using funds acquired through a loan from Defendant JPMorgan.  The terms of the loan were memorialized in a promissory note ("the Note"), which was in turn secured by a Deed of Trust on the Property.

17.     The Deed of Trust was recorded in Riverside County on May 02, 2007 as instrument number 2007-0294041 (Please see Exhibit "A" Deed of Trust). The Deed of Trust identified ALLIANCE TITLE COMPANY as the original Trustee and JPMorgan Chase Bank, N.A. was the original Beneficiary. There is no recorded assignment of beneficiary or transfer of beneficial interest under the Deed of Trust since it was recorded on May 02, 2007  .

18.     When the loan was consummated, Plaintiff did not receive required documents and disclosures, including, but not limited to, the Truth-in-Lending Disclosure statement containing required material disclosures and the require number of copies of the Notice of Right to Cancel containing the dated that the rescission period expires.  Plaintiff is entitled to damages for violations that occurred at the time of consummation of the loan transaction.

19.     On or about August 13, 2008, NDEX WEST, LLC recorded a Notice of Default on the Property (see Exhibit "B" Notice of Default).  In this Notice of Default, NDEX claimed that "the undersigned" was the present holder of the beneficial interest under the Deed of Trust.  The Notice of Default was signed by an Agent, apparently on behalf of:  NDEX WEST, LLC

As Agent for the beneficiary and BY North American Title Company as a California authorized agent,

**In this Notice of Default NDEX WEST, LLC claims to be the original Trustee or duly appointed Trustee or acting Agent for the Trustee or Beneficiary under the Deed of Trust dated 04/21/07 which clearly did not made mention of NDEX WEST, LLC as part of the said Deed of Trust or NO prior**

[Summary of pleading] - 6

instrument ever recorded Substituting any Trustee aside from ALLIANCE TITLE COMPANY**.**

20.   Also, on or about September 5, 2008, CAHSE executed a Substitution of Trustee. (A copy of the Substitution of Trustee is attached hereto as Exhibits "C".)  In this document, CHASE authorize and identifies itself as the present beneficiary under the Deed of Trust.  This document was signed by Aaron Brown, as Associate Counsel for Chase Home Finance, LLC by Ndex West, LLC as attorney in Fact .The nature of the relationship of JPMorgan, NDEX and Chase is not clear from any documents. The recording of the Substitution of Trustee marks the first and only recorded change of any of the parties identified in the Deed of Trust which is clearly a violation of civil code procedure being recorded after the Notice of Default instead of before.

21.   On or about November 15, 2008, NDEX recorded a Notice of Trustee's Sale, stating a foreclosure sale date (see Exhibit "D").

22.   Following the sale, NDEX executed a Trustee's Deed Upon Sale ("Trustee's Deed"). (This is not necessarily unusual in the foreclosing context, but given the circumstances of this case and the suspect nature of the relevant loan, it certainly warrants closer inspection and heightened judicial scrutiny.)

23.   CHASE directed NDEX to conduct the Trustee's sale of the Property, ostensibly to collect the unpaid balance on the note secured by the Deed of Trust.  Plaintiff is informed and believes, and thereon alleges, that CHASE is not and was not the holder of the Note, nor is it or was it in possession of the Note properly endorsed to it, nor was it or is it otherwise entitled by law to initiate foreclosure under the Deed of Trust.

24.   Plaintiff further alleges on information and belief that CHASE has and had no right to initiate foreclosure under the Deed of Trust, nor did it have the right to direct NDEX to foreclose and sell the Property, which was owned

by Plaintiff.  CHASE knew or reasonably should have known that it had no right to foreclose unless and until it actually had in its possession the original Note properly endorsed to it.

25.   Mr. Carolino maintains that he never received the Notice of Default. Moreover, even if the relevant documents are accepted at face value as valid and accurate, the dates on the documents alone demonstrate that – at a minimum – Defendants NDEX, CHASE AND NATC violated the notice of requirements of California Civil Code section 2934a, subsection (b).  As such, the Trustee's Sale is void, even assuming, *arguendo*, that CHASE did have the right to foreclose upon the property.

26.   Plaintiff further alleges on information and belief that Defendants, and each of them, in so acting in this case and with respect to numerous other mortgages or Deed of Trust security instruments engage in a pattern and practice of utilizing the non-judicial foreclosure procedures of California to foreclose on properties they do not have the right to do so.  On information and belief, Plaintiff alleges that Defendants engage in this practice relying on the assumption that the property owners affected generally do not have the legal or financial wherewithal to contest the right of Defendants to foreclose.

27.   On information and belief, Plaintiff alleges that JPMORGAN regularly approved loans to unqualified borrowers, and implemented practices in this regard ranging from questionable to criminal.  Further on information and belief, Plaintiff alleges that JPMORGAN's salespeople worked on commission, meaning the more loans they sold, the more bonus money they received.  Plaintiff also alleges on information and belief that JPMORGAN's salespeople received a greater commission or bonus for placing borrowers in loans with relatively higher yield spread premiums, and therefore borrowers were steered and encouraged into loans with

terms less favorable than other loans for which the borrowers could actually qualify.

28. After learning of the foreclosure proceedings, Mr. Carolino sent to CHASE a "Qualified Written Request" as that term is defined is RESPA, 12 U.S.C. section 2605(e)(1)(B). CHASE failed to acknowledge receipt of the Qualified Written Request within 20 days, and also failed to respond by providing the information and explanation requested within 60 days, thus violating RESPA, 12 U.S.C. section 2605 (e).

29. On information and belief, Plaintiff alleges in all of the wrongful acts alleged herein, Defendants and each of them have utilized the United States mail, telephones and internet in furtherance of their pattern of conduct to unlawfully collect on negotiable instruments when they were not entitled under the law to do so or, assuming *arguendo* that they were so entitled, to profit from these actions in amounts exceeding their rights under the Note.

30. On information and belief, Plaintiff alleges Defendants, in committing the acts alleged in this Complaint and in other cases, are engaging in a pattern of unlawful activity.  In pursuing non-judicial foreclosure, Defendants represented that they had the right to payment under the Note, payment of which was secured by the Deed of Trust.  Whereas, in fact, Defendants were not in possession of the Note and they were neither holders of the Note or non-holders of the Note entitled to payment, as those terms are used in California Commercial Code §§ 3301 and 3309, and therefore they were proceeding to foreclose without right under the law.  Further, Defendants added costs and charges to the payoff amount of the Note that were not justified or proper under the terms of the Note or the law.

31. On information and belief, Plaintiff alleges Defendants misrepresented the facts intending to force Plaintiff to either pay large sums of money to

Defendants to which they were not entitled, or to abandon the Property to foreclosure sale, to Defendants' profit.

## FIRST CAUSE OF ACTION

### Violation of Truth in Lending Act-15 U.S.C. § 1601 et seq.

### (Against Defendants CHASE, NDEX and JPMORGAN)

32. Plaintiff incorporates here each and every allegation set forth above.

33. The loan transaction at issue is a consumer credit transaction subject to the provisions of TILA.

34. CHASE, NDEX and JPMORGAN are "creditors" as that term is defined by 15 U.S.C § 1602. The transaction between Plaintiff and these Defendants was a consumer loan transaction wherein the Defendants extended credit to the Plaintiffs and such credit was secured by an interest purportedly held by the Defendants in the Property.

35. As a consumer credit transaction, the Defendants were required to provide to Plaintiff mandatory Truth-in-Lending disclosure statements and notice of the borrower's right to rescind, specifying the date on which the three-day rescission period expires. If the lending institution fails to provide the rescission information, the borrower may rescind the loan within three years after it was consummated. 15 U.S.C. § 1635(a) and (f); 12 CFR § 226.23(b)(5). If the borrower timely exercises her right to rescind, the security interest giving rise to the right of rescission becomes void. *Ibid.*

36. In the course of the transaction described herein, Defendants violated TILA in numerous ways, including, but not limited to: failing to provide required disclosures prior to consummation of the transaction; failing to make required disclosures clearly and conspicuously in writing; failing to timely deliver to Plaintiff certain notices required by statute; placing terms

prohibited by statute into the transaction; and failing to disclose all finance charge details and the annual percentage rate based upon properly calculated and disclosed finance charges and amounts financed.

37. Records from the transaction indicate that Defendants extended credit to Plaintiff without regard to his ability to pay.. Plaintiff is informed and believes and thereon alleges that Defendants have a pattern and practice of extending credit to consumers under high rate mortgages without regard to the consumers' repayment ability.

38. Because of these violations, Plaintiff has a continuing right to rescind the loan transaction for up to three years after consummation of the transaction. Plaintiff hereby gives notice to rescission by and through this Complaint.

39. Because of these violations, Defendants are liable to Plaintiff in the amount of twice the finance charge, actual damages to be established at trial, and costs in accordance with 15 U.S.C sections 1640(a). Plaintiff is also entitled to; rescission of the loan transaction; an order requiring Defendants to take all actions necessary to terminate any security interest in the Property created under the transaction and a declaration by the Court that the security interest is void; expungement of any foreclosure instruments, including but not limited to any Notice of Default or Notice of Trustee's Sale, relating to the transaction from any public record; removal of any derogatory information reported to any credit reporting agency or credit reporting bureau relating to the transaction' the return to Plaintiff of any money given by Plaintiff to anyone, including Defendants, in connection with the loan transaction; statutory damages; costs and reasonable attorney's fees; and such other relief as the Court may deem just and proper.

40. As a result of Defendants' misconduct, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial, which he is entitled

to recover.  Moreover, Defendants' misconduct was willful, malicious, and outrageous, and therefore punitive damages are warranted and demanded.

41.    As a result of Defendants' misconduct, the loan was void and unenforceable as of its inception, and therefore Plaintiff is entitled to rescind the loan agreement and promissory note and does hereby demand rescission.

42.    As a result of Defendants' misconduct, Plaintiff is entitled to declaratory and injunctive relief preventing Defendants from taking any action to collect on the loan, and/or to foreclose upon the Property, and/or to transfer the Property.

### SECOND CAUSE OF ACTION
### Violation of RESPA – 12 U.S.C. § 2601 et seq.
### (Against all Defendants)

43.    Plaintiff incorporates here each and every allegation set forth above.

44.    The loan transaction between Plaintiff and Defendants is a mortgage loan covered by RESPA.

45.    A violation of RESPA is also made unlawful under California state law by Financial Code § 50505, which  states: "Any person who violates any provision of (RESPA) or any regulation promulgated thereunder, violates this division (California Residential Mortgage Lending Act)."

46.    Plaintiff is not certain at this time exactly which of Defendants was actually the servicer of the loan at any given time, although she believed that the loan servicer was ASC at the time of the foreclosure.  However, due to the conspiratorial nature of the misdeeds alleged herein, and also due to Defendants' general failure to properly advise Plaintiff as to the roles and

identities of the various entities that were purportedly handling his loan at any given time, these allegations are made as to all Defendants.

47. Defendants violated RESPA at the time of closing on the sale of the Property by failing to correctly and accurately comply with disclosure requirements.

48. Defendants violated RESPA, 12 U.S.C sections 2605(e)(2) by failing and refusing to provide a written explanation or response to Plaintiff's Qualified Written Request not later than 60 days after receipt of the request.

49. Plaintiff is informed and believes, and thereon alleges, that Defendants have engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C sections 2605.

50. As a result of Defendants' failure to comply with RESPA, Plaintiff has suffered and continues to suffer damages and costs of suit.  Plaintiff is entitled to recover statutory damages of $1,000.00, actual damages in an amount to be determined at trial, and costs and reasonable attorney's fees.

## THIRD CAUSE OF ACTION

### California Rosenthal Act

### (Against All Defendants)

51. Plaintiff incorporates here each and every allegation set forth above.

52. Defendants' actions constitute a violation of the Rosenthal Act in that they threatened to take actions not permitted by law, including but not limited to: foreclosing upon a void security interest; foreclosing upon a note of which they were not in possession nor otherwise entitled to payment; falsely stating the amount of a debt; increasing the amount of a debt by including amounts that are not permitted by law or contract; and using unfair and unconscionable means in an attempt to collect a debt.

53. Defendants' actions have caused Plaintiff actual damages, including, but not limited to: severe emotional distress, including, but not limited to, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness and depression and most importantly chest pains and may undergo surgery.

54. As a result of Defendants' violations, Plaintiff is entitled to statutory damages in an amount to be determined at trial, actual damages according to proof, and costs and reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION
### QUIET TITLE
### (Against Defendant CHASE AND NDEX)

55. Plaintiff incorporates here each and every allegation set forth above.

56. Defendant CHASE AND NDEX claim an interest adverse to Plaintiff's interest in the Property, in the form of the Deed of Trust recorded pursuant to the loan transaction and the Trustee's Deed recorded pursuant to the foreclosure sale, and Plaintiff is seeking to quiet title against the claims of Defendant CHASE AND NDEX under such Deed of Trust and Trustee's Deed.

57. Plaintiff desires and is entitled to a judicial declaration quieting title in Plaintiff as of April 21, 2007, the date on which the loan transaction was consummated.

### FIFTH CAUSE OF ACTION
### Wrongful Foreclosure
### (Against Defendants CHASE and NDEX)

58. Plaintiff incorporates here each and every allegation set forth above.

59. California Commercial Code § 3301 specifically identifies the persons who are entitled to enforce a security interest, such as instituting a foreclosure sale under a deed of trust.  The statute is exclusive rather than inclusive in

nature, and those are not identified do not have the right to enforce such an interest.

60.   Plaintiff is informed and believes and thereon alleges that Defendants CHASE and NDEX were not and are not in possession of the Note, and are not otherwise entitled to payment.  Moreover, Plaintiff is informed and believes and thereon alleges that said Defendants are not "person(s) entitled to enforce" the security interest on the Property, as that term is defined in Commercial Code § 3301.

61.   In the Notice of Trustee's Sale, Defendant NDEX claimed that it was the duly appointed trustee under the Deed of Trust as of 05/02/2007.  Plaintiff is informed and believes and thereon alleges that such claim was false, and NDEX had reason to know that such claim was false.  ALLIANCE WAS the trustee on record (see Exhibit "A" Deed of Trust).  Moreover, Plaintiff is informed and believes and thereon alleges that Defendants CHASE and NDEX were not in possession of the Note, and were not entitled to enforce the security interest on the Property.

62.   Said Defendants also failed to properly record and give notice of the Substitution of Trustee which apparently occurred on or about September 5, 2008, as provided by California Civil Code section 2934a, subsection (b).  One purpose of the requirements set forth in this code section is to inform trustors of the details of alleged defaults and foreclosure proceedings.  It follows that trustors who are not properly informed of a substitution of trustee cannot exercise their rights to investigate the circumstance of the foreclosure proceedings

63.   Said Defendants' failure to comply with statutory notice requirements denied Plaintiff the opportunity to exercise the rights that the statutory notice is specifically designed to protect.

64.   Said Defendants did not have the right to foreclose upon the Property under the law.  Even assuming, *arguendo*, that Defendants did have some

1   right to enforce the security interest, the procedures used violated

2   statutory requirements governing non-judicial foreclosure sales.

3   65.   As a direct and proximate result of said Defendants' wrongful actions,

4   Plaintiff has suffered damages, including, but not limited to, direct

5   monetary loss, consequential damages, and emotional distress.

6   66.   In committing the wrongful acts alleged herein, said Defendants acted with

7   malice, oppression and fraud.  Said Defendants' willful conduct warrants

8   an award of exemplary damages in an amount sufficient to punish the

9   wrongful conduct and deter such misconduct in the future.

## SIXTH CAUSE OF ACTION

### To Set Aside Trustee Sale

### (Against Defendants CHASE and NDEX)

13   67.   Plaintiff incorporates here each and every allegation set forth above.

14   68.   The foreclosure sale conducted by NDEX at the direction of CHASE was

15   improperly held and the Trustee's Deed wrongfully executed, delivered,

16   and recorded, in that CHASE was not the holder of the note and was not

17   entitled to foreclose thereon.  Moreover, the Notice of Default, which was

18   executed and recorded by NDEX  prior to the recording of the Substitution

19   of Trustee naming NDEX as Trustee, states that NDEX is the current

20   holder of the beneficial interest under the Deed of Trust and the

21   obligations secured thereby as of the date of that instrument.  This

22   contradicts CHASE apparent assertion of its status as the beneficial

23   interest at that time, and generally adds to the confusion consistently

24   created by Defendants throughout the course of the events described

25   herein.

26   69.   Said Defendants' actions were contrary to law and in violation of the duties

27   and obligations of the purported beneficiary and purported trustee to

28   Plaintiff.

70.   Said Defendants' actions have caused loss and damage to Plaintiff in that Plaintiff has been wrongfully deprived of legal title by forfeiture and is currently subject to forcible eviction at any time.  Accordingly the Trustee' Sale should be set aside.

## SEVENTH CAUSE OF ACTION

### Cancellation of Trustee's Deed

### (Against Defendants CHASE and NDEX)

71.   Plaintiff incorporates here each and every allegation set forth above.

72.   Defendant CHASE claims an estate or interest in the Property adverse to that of Plaintiff, CHASE's claims are without any right.  CHASE has no estate, title, or interest in the Property.

73.   CHASE claims are based upon the Trustee's Deed, purporting to have been executed by NDEX and delivered to CHASE and purporting to convey the Property to CHASE.

74.   Although the Trustee's Deed may appear valid on its face, it is invalid, void, and of no force or effect regarding Plaintiff's interests in the Property. The interest in the Property claimed by CHASE, based on the Trustee's Deed, is a cloud on Plaintiff's title in and to the Property tends to depreciate the market value of the Property, restricts Plaintiff's full use and enjoyment of the Property, and hinders Plaintiff's right to unrestricted alienation of the Property.

75.   As a result of the execution, delivery, and recordation of the Trustee's Deed, Plaintiff has suffered and continues to suffer loss and damages in an amount to be determined at trial.  Moreover, if the Trustee's Deed is not delivered and cancelled, Plaintiff will suffer further serious and potentially irreparable harm.

## EIGHTH CAUSE OF ACTION

### Slander of Title

### (Against Defendants CHASE and NDEX)

80.  Plaintiff incorporates here each and every allegation set forth above.

81.  Defendants CHASE and NDEX disparaged Plaintiff's exclusive valid title in 2008, by and through preparing, posting, publishing and recording of the documents previously described herein, including, but not limited to the Notice of Default, Notice of Trustee's Sale and Trustee's Deed.  Said Defendants knew or should have known that such documents were improper in that at the time of the execution and delivery of said documents, Defendants had no right, title, or interest in the Property. These documents were naturally and commonly to be interpreted as denying, disparaging, and casting doubt upon Plaintiff's legal title to the Property.  By posting, publishing and recording said documents, Defendants' disparagement of Plaintiff's legal title was made to the world at large.

82.  As a direct and proximate result of Defendants' conduct in publishing these documents, Plaintiff's title to the Property has been disparaged and slandered, and there is a cloud on Plaintiff's title, and Plaintiff has suffered, and continues to suffer, damages in an amount to be proved at trial. As a further proximate result of Defendants' conduct, Plaintiff has incurred expenses, including reasonable attorneys' fees, in order to clear title to the Property.  Moreover, these expenses are continuing, and Plaintiff will incur additional charges for such purpose until the cloud on Plaintiff' title to the Property has been removed.  The amounts of future expenses and damages are not ascertainable at this time.

83.  As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered humiliation, mental anguish, anxiety, depression and emotional and physical distress, resulting in the loss of sleep and other Injuries to his health and well-being, and continues to suffer such injuries on an on-going basis. The amount of such damages shall be proven at trial.

84. At the time that the false and disparaging documents were created and published by the Defendants, Defendants knew the documents were false and created and published them with the malicious intent to injure Plaintiff and deprive here of her exclusive right, title, and interest in the Property, and to obtain the Property for their own use by unlawful means.

85. The conduct of the Defendants in publishing the documents described above was fraudulent, oppressive, and malicious.  Therefore, Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish Defendants for their malicious conduct and deter such misconduct in the future.

## NINTH CAUSE OF ACTION
### Civil Conspiracy
### (Against All Defendants)

86. Plaintiff incorporates here each and every allegation set forth above.

87. Plaintiff is informed and believes, and thereon alleges, that Defendants conspired and agreed to implement a scheme to defraud and victimize Plaintiff through the predatory lending practices and other unlawful acts alleged herein.

88. Plaintiff is informed and believes and thereon alleges that Defendants did the acts and things alleged herein pursuant to and in furtherance of their conspiracy to defraud and victimize Plaintiff.

89. Plaintiff is informed and believes that Defendants sued herein under fictitious names committed acts in furtherance of the conspiracy, and/or lent aid and encouragement to their co-conspirators and/or ratified and adopted the acts of their co-conspirators, and are thus jointly and severally liable for all harm to Plaintiff resulting from the conspiracy.

90. As the direct and proximate result of Defendants' conspiracy to defraud and victimize Plaintiff, Plaintiff has suffered damages, including, but not

limited to direct monetary loss, consequential damages and emotional distress.

91.   In conspiring to defraud and victimize Plaintiff, and in committing the wrongful acts alleged herein, Defendants acted with malice, oppression and fraud thus justifying an award of exemplary damages in an amount sufficient to punish their wrongful conduct and deter such misconduct in the future.

## TENTH CAUSE OF ACTION

### Unfair Business Practices – California Business & Professions Code § 17200

### ( Against all Defendants )

92.   Plaintiff incorporates here each and every allegation set forth above.

93.   Plaintiff is informed and believes and thereon alleges that Defendants committed unlawful, unfair, and/or fraudulent business practices, as defined by California Business and Professions Code § 17200, by engaging in the unlawful, unfair, and fraudulent business practices alleged herein.

94.   As a result of Defendants' wrongful conduct, Plaintiff has suffered various damages and injuries according to proof at trial.

95.   Plaintiff seeks injunctive relief enjoining Defendants from engaging in the unfair business practices described herein.

96.   Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

## ELEVENTH CAUSE OF ACTION

### RICO – 18 U.S.C §§ 1961 et seq.

### (Against all Defendants)

97.   Plaintiff incorporates here each and every allegation set forth above.

[Summary of pleading] - 20

98.   CHASE is an enterprise engaged in and the activities of which affect interstate commerce.

99.   Defendants NDEX, CHASE AND JPMORGAN are persons within the meaning of 18 U.S.C § 1961(3), and as persons associated with CHASE, conducted and participated, directly, in the conduct of the affairs of said enterprise through a pattern of racketeering activity in violation of 18 U.S.C.A § 1962©.

100.   The predicate acts which constitute this pattern of racketeering activity were part of scheme to wrongfully foreclose upon the Property without legal right, and therefore acquire title to the Property through deception and fraud, for the profit of the enterprise, as described herein.  For the purpose of executing this scheme, the Defendants placed in post offices and/or in authorized repositories matter and things to be sent or delivered by the Postal Service, caused matter and things to be delivered by commercial interstate carrier, and received matter and things from the Postal service or commercial interstate carriers, including, but not limited to, default and foreclosure related notices.  These notices were false, misleading, and contrary to law, as described herein; and were deliberately designed to compel Plaintiff either to part with large sums of money or to abandon the Property, for the profit of the enterprise.

101.   For the purpose of executing this scheme to defraud Plaintiff and obtain money by means of false pretenses, Defendants also transmitted and received messages by wire, including but not limited to telephone and internet communication.  In such communications, Defendants sought to convince Plaintiff either to part with large sums of money or to abandon the Property, for the profit of the enterprise, asserting the falsehood that Defendants had the right to foreclose upon the security interest in the Property.

102. These acts of racketeering, occurring within ten years of one another, constitute a pattern of racketeering activity within the meaning of 18 U.S.C.C § 1961 (5).

103. Plaintiff was injured by reason of this violation of 18 U.S.C § 1962, in that, as a direct and proximate result of Defendants' complained of acts, Plaintiff has suffered and continues to suffer damages, including but not limited to, monetary damages and emotional distress, in an amount to be proven at trial.

104. By reason of the Defendants' violation of 18 U.S.C.A § 1962, Plaintiff is entitled, pursuant to 18 U.S.C.A § 1964 ©, to threefold the damages sustained, costs of suit, and reasonable attorneys fees.

**TWELFTH CAUSE OF ACTION**

**RICO – 18 U.S.C subsection 1961 et seq.**

**(Against All Defendants)**

105. Plaintiff incorporates here each and every allegation set forth above.

106. JPMORGAN is an enterprise engaged in and the activities of which affect interstate commerce.

107. Defendants NDEX, CHASE AND JPMORGAN are persons within the meaning of 18 U.S.C. § 1961 (3), and as persons associated with CHASE, conducted and participated, directly and indirectly, in the conduct of the affairs of said enterprise through a pattern of racketeering activity in violation of 18 U.S.C.A § 1962 (c).

108. The predicate acts which constitute this pattern of racketeering activity were part of scheme to wrongfully foreclose upon the Property without legal rights, and therefore acquire title to the Property through deception and fraud, for the profit of the enterprise, as described herein. For the purpose of executing this scheme, the Defendants placed in post offices and/or in authorized repositories matter and things to be sent or delivered by the Postal Service, caused matter and things to be delivered by

commercial interstate carrier, and received matter and things from the Postal service or commercial interstate carriers, including, but not limited to, default and foreclosure related notices.  These notices were false, misleading, and contrary to law, as described herein; and were deliberately designed to compel Plaintiff either to part with large sums of money or to abandon the Property, for the profit of the enterprise.

109.   For the purpose of executing this scheme to defraud Plaintiff and obtain money by means of false pretenses, Defendants also transmitted and received messages by wire, including but not limited to telephone and internet communications.  In such communications, Defendants sought to convince Plaintiff either to part with large sums of money or to abandon the Property, for the profit of the enterprise, asserting the falsehood that Defendants had the right to foreclose upon the security interest in the Property.

110.   These acts of racketeering, occurring within ten years of one another, constitute a pattern of racketeering activity within the meaning of 18 U.S.C.A § 1961 (5).

111.   Plaintiff was injured by reason of this violation of 18 U.S.C § 1962, in that, as a direct and proximate result of Defendants' complained of acts, Plaintiff has suffered and continues to suffer damages, including but not limited to, monetary damages, emotional distress, in an amount to be proven.

112.   By reasons of the Defendants' violation  of 18 U.S.C.A § 1962, Plaintiff is entitled, pursuant to 18 U.S.C.A § 1964 ©, to threefold the damages sustained, costs of suit, and reasonable attorney fees.

## THIRTEENTH CAUSE OF ACTION

## RICO – 18 U.S.C.  Subsection 1961 et seq.

## (Against All Defendants)

113.   Plaintiff incorporates here each and every allegation set forth above.

114.   NDEX is an enterprise engaged in and the activities of which affect interstate commerce.

115. .   Defendants NDEX, CHASE AND JPMORGAN, are persons within the meaning of 18 U.S.C § 1961 (3), and as persons associated with CHASE, conducted and participated, directly and indirectly, in the conduct of the affairs of said enterprise through a pattern of racketeering activity in violation of 18 U.S.C.A § 1961 (c).

116.   The predicate acts which constitute this pattern of racketeering activity were part of scheme to wrongfully foreclose upon the Property without legal right, and therefore acquire title to the Property through deception and fraud, for the profit of the enterprise, as described herein.   For the purpose of executing this scheme, the Defendants placed in post offices and/or in authorized repositories matter and things to be sent or delivered by the Postal Service, caused matter and things to be delivered by commercial interstate carrier, and received matter and things from the Postal service or commercial interstate carriers, including, but not limited to, default and foreclosure related notices.  These notices were false, misleading, and contrary to law, as described here; and were deliberately designed to compel Plaintiff either to part with large sums of money or to abandon the Property, for the profit of the enterprise.

117.   For the purpose of executing this scheme to defraud Plaintiff and obtain money by means of false pretenses, Defendants also transmitted and received messages by wire, including but not limited to telephone and internet communications.  In such communications, Defendants sought to convince Plaintiff either to part with large sums of money or to abandon the Property, for the profit of the enterprise, asserting the falsehood that Defendants had the right to foreclose upon the security interest in the Property.

118. These acts of racketeering, occurring within ten years of one another, constitute a pattern of racketeering activity within the meaning of U.S.C.A § 1961 (5).

119. Plaintiff was injured by reason of this violation of 18 U.S.C § 1962, in that, as a direct and proximate result of Defendants' complained of acts, Plaintiff has suffered and continues to suffer damages, including but not limited to, monetary damages and emotional distress, in an amount to be proven at trial.

120. By reason of the Defendants' violation of 18 U.S.C.A § 1962, Plaintiff is entitled, pursuant to 18 U.S.C.A § 1964 (c), to threefold the damages sustained, costs of suit, and reasonable attorneys fees.

## FOURTEENTH CAUSE OF ACTION

### RICO – 18 U.S.C. §§ 1961 et seq.

### (Against All Defendants)

121. Plaintiff incorporates here each and every allegations set forth above.

122. CHASE is an enterprise engaged in and the activities of which affect interstate commerce.

123. Defendants NDEX, CHASE AND JPMORGAN are persons within the meaning of 18 U.S.C § 1961 (3), and as persons associated with HSBC Bank, conducted and participated, directly and indirectly, in the conduct of the affairs of said enterprise through a pattern of racketeering activity in violation of 18 U.S.C.A § 1962 (c).

124. The predicate acts which constitute this pattern of racketeering activity were part of scheme to wrongfully foreclose upon the Property without legal right, and therefore acquire title to the Property through deception and fraud, for the profit of the enterprise, as described herein. For the purpose of executing this scheme, the Defendants placed in post offices and/or in authorized repositories matter and things to be sent or delivered by the Postal Service, caused matter and things to be delivered by

commercial interstate carrier, and received matter and things from the Postal service or commercial interstate carriers, including, but not limited to, default and foreclosure related notices.  These notices were false, misleading, and contrary to law, as described here; and were deliberately designed to compel Plaintiff either to part with large sums of money or to abandon the Property, for the profit of the enterprise.

125.  For the purpose of executing this scheme to defraud Plaintiff and obtain money by means of false pretenses, Defendants also transmitted and received messages by wire, including but not limited to telephone and internet communications.  In such communications, Defendants sought to convince Plaintiff either to part with large sums of money or to abandon the Property, for the profit of the enterprise, asserting the falsehood that Defendants had the right to foreclose upon the security interest in the Property.

126.  These acts of racketeering, occurring within ten years of one another, constitute a pattern of racketeering activity within the meaning of U.S.C.A § 1961 (5).

127.  Plaintiff was injured by reason of this violation of 18 U.S.C § 1962, in that, as a direct and proximate result of Defendants' complained of acts, Plaintiff has suffered and continues to suffer damages, including but not limited to, monetary damages and emotional distress, in an amount to be proven at trial.

128.  By reason of the Defendants' violation of 18 U.S.C.A § 1962, Plaintiff is entitled, pursuant to 18 U.S.C.A § 1964 (c), to threefold the damages sustained, costs of suit, and reasonable attorneys fees.

## FIFTEENTH CAUSE OF ACTION

### Imposition of Constructive Trust

### (Against Defendant DEUTSCHE Bank)

[Summary of pleading] - 26

129.  Plaintiff incorporates here each and every allegation set forth above.

130.  Since 05/02/2007, Plaintiff has been the rightful owner of legal title to the Property.

131.  In contravention of Plaintiff's ownership rights and interests in the Property, Defendant CHASE purported to obtain legal title to the Property by means of an unjustified and fraudulent non-judicial foreclosure sale. CHASE refuses to acknowledge Plaintiff's status as the rightful owner of the Property.

132.  Defendant holds whatever interest it claims in the Property in trust for Plaintiff.

## SIXTEENTH CAUSE OF ACTION

## FRAUD

## (Against All Defendants)

133.  Plaintiff incorporates here each and every allegation set forth above.

134.  As alleged herein, Defendants, and each of them, have made several representations to Plaintiff with regard to important facts.

135.  These representations made by Defendants were false.

136.  Defendants knew that these representations were false when made, or these representations were made with reckless disregard for the truth.

137.  Defendants intended that Plaintiff rely on these representations.

138.  Plaintiff reasonably relied on said representations.

139.  As a result of Plaintiff's reliance, he was harmed and suffered damages. Plaintiff's reliance on Defendants' false representations was a substantial factor in causing Plaintiff's harm.

140.  Defendants are guilty of malice, fraud or oppression, as defined in California Civil Code § 3294, and Defendants' actions were malicious and done willfully, in conscious disregard of the rights and safety of Plaintiff, in that the actions were calculated to injure Plaintiff.  As such, Plaintiff is

1   entitled to recover, in addition to actual damages, punitive damages to

2   punish Defendants and to deter future misconduct.

3   WHEREFORE, Plaintiff prays for judgment and an order against Defendants as

4   follows:

5

6   A.   That judgment be entered in his favor and against Defendants, and each

7   of them.

8   B.   For an order and judgment stating that the Deed of Trust and the

9   Trustee's Deed are adjudged void and of no legal force and effect and

10   shall be cancelled, stricken, and or rescinded forthwith.

11   C.   For a temporary restraining order, preliminary and permanent injunction

12   directing the Riverside County Sheriff's Department to refrain from

13   executing any lockout order with respect to the Property.

14   D.   For a temporary restraining order, preliminary and permanent injunction

15   preventing Defendants, or anyone acting under or in concert with them,

16   from collecting on the subject loan and from causing the Property to be

17   sold or assigned to a third party.

18   E.   For an order stating that Defendants engaged in unfair business practices.

19   F.   For an order stating that the Deed of Trust, Notice of Default, Notice of

20   Trustee's Sale and Trustee's Deed constitute slander of title to Plaintiff

21   and the Property.

22   G.   For an order and judgment quieting title to the Property.

23   H.   For damages, disgorgement, and injunctive relief under California's

24   common and statutory law of unfair business practices.

25   I.   For compensatory and statutory damages, attorneys' fees and costs

26   according to proof at trial.

27   J.   For exemplary damages in an amount sufficient to punish Defendants'

28   wrongful conduct and deter future misconduct.

K.    For an order and judgment that Title be restored to Plaintiff until this case is settled within this Court's jurisdiction.

L.    For such other and further relief as the court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

1.  Plaintiff demand for trial by jury under 7th amendment on all issues. And that the jury be comprised of 12 members to determine all issues of facts in dispute and to determine and awards all damages. And the plaintiff demands

    all his rights at all times and waives none of his rights at any time including the right to time.

## CONSENT TO DISTRICT JUDGE JURISDICTION

1.  Plaintiff requests that a District Judge be designated to referee the herein matters and jury trial in this case.

I, Chris V. Carolino., declare under the penalty of perjury the above is true and correct to the best of our knowledge and belief.

Date: 2-26-09

Chris V. Carolino-In Pro Se

# EXHIBIT "A"

RECORDING REQUESTED BY:
ALLIANCE TITLE COMPANY

Recording Requested By:

Return To:
JPMorgan Chase Custody Services
P.O. Box 8000
Monroe, LA 71211

DOC # 2007-0294041
05/02/2007 08:00A Fee:78.00
Page 1 of 24
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

Prepared By:

85794

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|-----|------|------|-----|------|
| | | | 24 | | | | | | |
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM 010 |

[Sp.

# DEED OF TRUST

78 | T 010

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated April 21, 2007 together with all Riders to this document.
(B) "Borrower" is
Chris V. Carolino, an unmarried man

Borrower's address is 5744 Laurel Canyon Blvd
Valley Village, CA 91607                    . Borrower is the trustor under this Security Instrument.
(C) "Lender" is
JPMorgan Chase Bank, N.A.
Lender is a national banking association
organized and existing under the laws of the United States of America

1769130100

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

-6(CA) (0207)
Page 1 of 18

Initials: 

Form 3005 1/01

VMP MORTGAGE FORMS - (800)521-7291



EXHIBIT "B"

Recording requested by:
**NORTH AMERICAN TITLE COMPANY -**
California

When Recorded Mail To:
NDEx West, L.L.C.
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001-9013

*THIS COPY OF "NOTICE," THE ORIGINAL OF WHICH WAS FILED FOR RECORD ON 08/14/2008 IN THE OFFICE OF THE RECORDER OF RIVERSIDE, CALIFORNIA IS SENT TO YOU IN AS MUCH AS AN EXAMINATION OF THE TITLE TO SAID TRUST PROPERTY SHOWS YOU MAY HAVE AN INTEREST IN THE TRUSTEE'S SALES PROCEEDINGS.*

Space above this line for Recorder's use only

Trustee Sale No. : 20080187405243          Title Order No.: 1163614

### IMPORTANT NOTICE
# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this Notice of Default may be recorded (which date of recordation appears on this notice).

This amount is $15,718.02 as of 8/13/2008 and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.



FCUS_NoticeOfDefault.rpt-Mail - 09/29/2007 - Ver-19

**IMPORTANT NOTICE**
**NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST**

Trustee Sale No. : 20080187405243        Title Order No.: 1163614

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**CHASE HOME FINANCE, LLC**
c/o NDEx West, LLC
**15000 Surveyor Boulevard, Suite 500**
**Addison, Texas 75001-9013**
**(866) 795-1852**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.
Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

REMEMBER, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS **HEREBY GIVEN THAT:** NDEx West, LLC is the original Trustee, duly appointed Substituted Trustee, or acting as Agent for the Trustee or Beneficiary under a Deed of Trust dated 04/21/2007, executed by CHRIS V CAROLINO, as Trustor, to secure obligations in favor of JPMORGAN CHASE BANK, N.A., as Beneficiary Recorded on 05/02/2007 as Instrument No. 2007-0294041 of official records in the Office of the Recorder of RIVERSIDE County, California, as more fully described in said Deed of Trust. Including a Note(s)/ Unconditional Guaranty which had a principal amount of $376,000.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of:

THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 5/1/2008 AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH LATE CHARGES AS SET FORTH IN SAID NOTE AND DEED OF TRUST, ADVANCES, ASSESSMENTS, FEES, AND/OR TRUSTEE FEES, IF ANY.

NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS A WAIVER OF ANY FEES OWING TO THE BENEFICIARY UNDER THE DEED OF TRUST, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said agent, a written Declaration of Default and Demand for same, and has deposited with said agent such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

DATED: 8/13/2008

NDEx West, LLC as Agent for Beneficiary
By: FIRST AMERICAN TITLE COMPANY - California, authorized agent


By: ORIGINAL DOCUMENT SIGNED BY AUTHORIZED AGENT



FCUS_Default.rpt-Mail - 03/29/2007 - Ver-19                                    **Page 2 of 2**

EXHIBIT "C"

Recording requested by:
**NORTH AMERICAN TITLE COMPANY -**
California

When Recorded Mail To:
**NDEx West, L.L.C.**
**15000 Surveyor Boulevard, Suite 500**
**Addison, Texas 75001-9013**


SUB20080187405243

Space above this line for Recorder's use only

Trustee Sale No. : 20080187405243  Title Order No.: 1163614

# SUBSTITUTION OF TRUSTEE

WHEREAS, **CHRIS V CAROLINO** was the original Trustor, **ALLIANCE TITLE COMPANY** was the original Trustee, and **JPMORGAN CHASE BANK, N.A.** was the original Beneficiary Recorded on 05/02/2007 as Instrument No. 2007-0294041 of official records in the Office of the Recorder of **RIVERSIDE** County, California, as more fully described on said Deed of Trust; and WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said prior Trustee.

NOW, THEREFORE, the undersigned hereby substitutes, **NDEx West, L.L.C.**, WHOSE ADDRESS IS:  15000 Surveyor Boulevard, Suite 500, Addison, Texas  75001-9013, as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

DATED:  September 5, 2008

CHASE HOME FINANCE, LLC BY NDEx West, LLC AS ATTORNEY IN FACT

Aaron Brown- Associate Counsel

State of    TEXAS }
County of  DALLAS }

On September 5, 2008 before me, Nina Escamilla, Notary Public, personally appeared Aaron Brown who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

(If signed and notarized in California):

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____(Seal)

My commission expires: _____


NINA ESCAMILLA
Notary Public
State of Texas
My Comm Exp 10-31-2010

FCUS_SubstituteOfTrustee.rpt - 12/28/2007 - Ver-24

Page 1 of 1



# PROOF OF SERVICE BY UNITED STATES MAIL
(Code of Civil Procedure Section 1015)
(28 U.S.C. Section 1746)

I, ALBERTO NGUEMA PANCHO, depose and say, the following statement is true and correct under the penalty of perjury according to the laws of the State of California based on matters known to me personally to be true:

1) I am over the age of eighteen years and a resident of the State of California with a present address of:

   3725 CRANDFORD AVE # 37 RIVERSIDE CA 92507

2) On this February 26, 2009, I caused a true and correct copy of the following document by placing thereof enclosed in a sealed envelope with the postage thereon fully prepaid by depositing them in the United States Post Office in Colton, California.

   a)  SUMMONS AND COMPLAINTS

3) I, ALBERTO NGUEMA PANCHO, served the above document on the following defendants:

1. CHASE HOME FINANCE, LLC.
   15000 SURVEYOR BLVD, SUITE 500, ADDISON, TEXAS 75001-9013

2. JPMORGAN CHASE BANK, N.A.
   3415 VISION DRIVE COLUMBUS, OH  43219

3. NDEX WEST, L.L.C.
   15000 SURVEYOR BLVD, SUITE 500, ADDISON, TEXAS 75001-9013

4. NORTH AMERICAN TITLE COMPANY
   27740 JEFFERSON AVENUE SUITE 245 TEMECULA CA 92590

5. ALLIANCE TITLE COMPANY
   6020 FRAZIER LAKE ROAD, GILROY, CA 95020

I, ALBERTO NGUEMA PANCHO, declare under the penalty of perjury under the laws of the United States of California that foregoing is true and correct. Executed on February 26, 2009at Colton, California.

_AL. Nguema_
ALBERTO NGUEMA PANCHO

1

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☒)

CHRIS V. CAROLINO
5744 LAUREL CANYON BOULEVARD #28
NORTH HOLLYWOOD CA 91607

**DEFENDANTS**

CAPLE HOME FINANCE, LLC, JPMORGAN CHASE BANK, N.A., NDEX WEST, LLC, ALLIANCE TITLE COMPANY, NORTH AMERICAN TITLE COMPANY AND DOES 1 THROUGH 10, INCLUSIVE

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business in this State | ☐4 | ☒4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ TO BE DETERMINED

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. 1601 TRUTH IN LENDING ACT VIOLATION

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☒ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

# CV 09 - 01403   PSG

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

FEB 27 2009

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| RIVERSIDE COUNTY | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| RIVERSIDE COUNTY | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| RIVERSIDE COUNTY | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  2-26-09

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initing the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV09- 1403 PSG (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CHRIS V. CAROLINO
5744 LAUREL CANYON BOULEVARD #28
NORTH HOLLYWOOD CA 91607
(818) 763-9601

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CHRIS V. CAROLINO

PLAINTIFF(S)

CASE NUMBER  **CV 09 01403**

**PSG**

v.

Chase Home Finance,LLC,JPMorgan Chase
Bank,N.A.,NDEx West, LLC,Alliance Title
Company,North American Title Company and Does 1
THROUGH10, INCLUSIVE

DEFENDANT(S)

**SUMMONS**

TO:   DEFENDANT(S):  See Above List

A lawsuit has been filed against you.

Within  20   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  CHRIS V. CAROLINO _____, whose address is  5744 LAUREL CANYON BOULEVARD #28 NORTH HOLLYWOOD CA 91607 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

**TERRY NAFISI**

Clerk, U.S. District Court

Dated: _____ FEB 27 2009

By: _____
S. MURRAY
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*