O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1403 PSG (MANx) | Date | March 9, 2009 |
|---|---|---|---|
| Title | Chris V. Carolino v. Chase Home Finance, L.L.C. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order re: Plaintiff's *Ex Parte* Application for Temporary Restraining Order**

Pending before the Court is Plaintiff's *Ex Parte* Application for Temporary Restraining Order ("Application"). Having considered the papers filed in support of the Application, the Court deems this matter appropriate for resolution without oral argument. L.R. 7-15.

I.   BACKGROUND

Chris V. Carolino ("Plaintiff") has submitted an *ex parte* Application for Temporary Restraining Order. According to Plaintiff, he is about to be evicted from his home by the Riverside Sheriff's Department in conjunction with an allegedly wrongful foreclosure sale that was initiated by one of the defendant's in this action, Ndex West. Plaintiff testifies that he expects a "five-day 'lock-out' notice to be posted at any time."

II.  DISCUSSION

For the reasons that follow, the Court DENIES Plaintiff's application.

An applicant for a TRO must attempt to give the affected party (or her counsel) actual notice of when and where the application for the TRO is to be made. *See* Fed. R. Civ. P. 65(b). A TRO may issue without such notice only if:

(A) specific facts in an affidavit or a verified complaint clearly show that

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1403 PSG (MANx) | Date | March 9, 2009 |
|---|---|---|---|
| Title | Chris V. Carolino v. Chase Home Finance, L.L.C. | | |

immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

*Id.*

Plaintiff has not served the present Application on any of the defendants. Nor has Plaintiff explained in writing any efforts made to give notice. Thus, Plaintiff has not complied with the Federal Rules of Civil Procedure.

There are "very few circumstances justifying the issuance of an *ex parte* TRO." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). For example, courts have granted such a TRO "where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." *Id.* (citing *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir.1984)). Courts have also recognized "a very narrow band of cases in which *ex parte* orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Reno Air Racing Ass'n*, 452 F.3d at 1131 (citing *Am. Can Co.*, 742 F.2d at 322). Here, Plaintiff has failed to present any evidence demonstrating that his case falls within these "very few circumstances." In fact, the evidence indicates otherwise. Plaintiff admits that the "five-day 'lock-out' notice" has yet to be posted. More importantly, the notice, when posted, provides Plaintiff with five days to take whatever action is appropriate and necessary. That is more than sufficient time to properly draft and serve another Application for TRO.

In summary, the Court DENIES Plaintiff's Application.

**IT IS SO ORDERED.**